# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JESSICA ARCEMENT, LAUREN
CHAGNARD, AND AMANDA CONRAD

NO.   2019 CW 0518

VERSUS

BLUE BAYOU WATERPARK, LLC
AND DIXIE LANDIN' LLC

**SEP 1 8 2019**

---

In Re:    Jessica Arcement, Lauren Chagnard, and Amanda Conrad,
          applying for supervisory writs, 19th Judicial District
          Court, Parish of East Baton Rouge, No. 648978.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND CRAIN, JJ.**

**WRIT NOT CONSIDERED.** The writ application fails to comply
with Rule 4-5(C)(6) of the Uniform Rules of Louisiana Courts of
Appeal, as it does not include a signed judgment.   However,
relators may file a new writ application within the applicable
time delays.  See La. Code Civ. P. art. 1914(B); Rule 4-3 of the
Uniform Rules of Louisiana Courts of Appeal.

**VGW**
**WJC**

**Guidry, J.**, dissents and would grant the writ application.
Although information on social media accounts is generally
discoverable, discovery requests for social media information
should be "time and subject-matter limited."  See **Scott v.
United States Postal Serv.**, No. 15-712, 2016 WL 7440468 (M.D.
La. Dec. 27, 2016) (unpublished).  Accordingly, I would reverse
the February 5, 2019 ruling ordering the unlimited production of
relators' social media accounts, both public and private, as
part of the discovery requested by respondents and limit the
request for production to all information from relators'
Facebook accounts, including, but not limited to, pictures, wall
posts, and messages, since the September 6, 2015 accident that:
(1) refer or relate to the physical injuries relators allegedly
sustained as a result of the accident and any treatment received
therefor; or (2) refer to or reflect physical capabilities that
are inconsistent with the injuries relators allegedly suffered
as a result of the accident.  See **Id.**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT